UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 13

Eddie Clifton Mosley and                            Case No. 08-54688
Frankie Jean Mosley,
                                                    Hon. Phillip J. Shefferly
        Debtors.
_____/

**ORDER OVERRULING RESPONSE
DISAGREEING WITH NOTICE OF FINAL CURE PAYMENT**

On June 17, 2008, the Debtors filed this Chapter 13 case. The Debtors' schedule A listed real property located at 5767 Courville, Detroit, Michigan. The Debtors' schedule D listed three mortgages on the Courville property for an amount equal to the value of the Courville property. On September 15, 2008, the Court entered an order confirming the Debtors' Chapter 13 plan. The plan provided for surrender of the Courville property. For the next four years the Debtors made their plan payments. On December 18, 2012, the Chapter 13 Trustee filed a notice of completion of plan payments and notice of final cure payment ("Notice") (docket entry no. 63). On January 8, 2013, Household Finance Corporation III ("Household") filed a response (docket entry no. 72) disagreeing with the Notice. Household's response states that Household is responding to the Notice pursuant to Fed. R. Bankr. P. 3002.1(g). The Debtors objected to Household's response. On February 12, 2013, the Court held a hearing on Household's response and the Debtors' objection to it.

Although Household's response states that it is filed pursuant to Fed. R. Bankr. P. 3002.1(g), that rule does not apply to Household's claim. Fed. R. Bankr. P. 3002.1(a) expressly states that the rule applies only in Chapter 13 cases to claims that are "(1) secured by a security interest in the

debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan." Although Household's mortgage on the Courville property is a claim secured by a security interest in the Debtor's principal residence, it is not a claim that was "provided for under § 1322(b)(5) of the Code in the debtor's plan." The Debtors' plan in this case provided for surrender of the Courville property and did not provide that the Debtors would make post-petition payments to cure and maintain such claim pursuant to § 1322(b)(5). Therefore, Household's response stating that there is a post-petition amount that is required to be paid to cure its mortgage under the Debtors' plan is simply wrong.

By now, more than four years after the Debtors' plan was confirmed, logic suggests that Household should have foreclosed on the Courville property. If it did foreclose, then any deficiency owing to it with respect to the Courville property is at most an unsecured claim in the Debtors' bankruptcy case and will be discharged under § 1328(a) when the Debtors receive their discharge in this case. In the event that Household has not foreclosed on its mortgage, the result is still the same. Because Household's mortgage is not a claim that is provided for under the Debtors' plan pursuant to § 1322(b)(5), then it is not a debt that is excepted from discharge under § 1328(a)(1) of the Bankruptcy Code. In other words, when the Debtors get their discharge, Household's claim will also be discharged.

In sum, Household's response is procedurally improper because Fed. R. Bankr. P. 3002.1 does not apply to its claim. And Household's response is substantively incorrect because the Debtors do not owe any post-petition payments to Household pursuant to the terms of their confirmed plan, whether for cure, maintenance or otherwise. Accordingly, for these reasons, and for the reasons set forth by the Court on the record at the hearing,

**IT IS HEREBY ORDERED** that Household's response (docket entry no. 72) disagreeing with the Trustee's notice of completion of plan payments and notice of final cure payment is overruled. Provided that all other requirements for discharge are met, this case may now proceed to discharge.

.

```
Signed on February 13, 2013
                                        /s/ Phillip J. Shefferly
                                    Phillip J. Shefferly
                                    United States Bankruptcy Judge
```